## ADAMS v. HAIGLER et al.

123  659
d130  708

1. The petition was not subject to any of the objections set forth in the demurrers. The amendment offered thereto was germane, and did not set out a new cause of action.

2. H. & F. entered into a joint contract in writing with A., to build a house according to certain plans and specifications, and to complete the work by a named date. H. & F. also gave bond with B. as surety, the condition of which was that the principals should well and truly comply with all the terms of the contract, or that the surety would do so for them. F. alone began the work, but abandoned it before its completion. H. then, with the consent of A., and with the knowledge and at the instance of B., undertook to complete the building, but failed to comply with a provision of the contract requiring the contractors to find all material, labor, etc. *Held*, that a stipulation in the contract authorizing A., in case of the default of H. & F., to employ a third person to complete the work never became operative ; that the act of H. in carrying on the work was, under the allegations of the petition, not a novation but in pursuance of the original contract ; that B's risk as surety was not increased by any act of A.; and that the condition of the bond was broken by H's failure to comply with the terms of the contract,

3. A stipulation in a building contract, that if any damage shall arise by reason

of delay in completing the work, and the parties are unable to agree, "the same shall be referred to arbitrators," will not prevent a suit in the first instance for damages so occasioned, unless it is clearly and unequivocally provided in the contract that arbitration shall be either a condition precedent to suit, or be the only mode for the assessment of damages.

4. A defense to a suit on a building contract, that delay was due to alterations and additions, and that the contract provided the contractors should not be liable for delay so occasioned, should be made the subject of a plea; and in the absence of an allegation in the petition that delay did result from such a cause, the petition is not subject to demurrer.

Argued June 29, — Decided August 3, 1905.

Action on bond.    Before Judge Hodges.    City court of Macon.    December 10, 1905.

Adams brought suit upon a bond against Haigler and Frey as principals, and Bazemore as surety.  The petition alleged:  The plaintiff entered into a contract with Haigler and Frey on January 9, 1904, under which they were to build a house of a certain description and do other work stipulated in the contract. The plaintiff fully complied with all of his obligations, and has paid out upon the order of Haigler, for material and labor in the construction of the house and necessary for its completion, the sum of $3,514.73, of which a bill of particulars is attached to the petition, but of this amount the defendants are entitled to credits which will reduce it to $3,426.03.   Frey utterly failed to comply with the contract, and it was absolutely necessary for the plaintiff to advance the sum above referred to, to enable Haigler to perform the work, and the material was purchased and the labor employed under the direction of Haigler.   Haigler and Frey utterly failed to find all materials, labor and services, tools, scaffolding, implements, and power of every kind necessary for the full completion of the building, as set forth in the specifications therefor, and as required by the third paragraph of the contract; and the plaintiff was thereby injured and damaged in the sum of $426.03, besides interest, that amount having been expended, in excess of the contract price, in the purchase of materials, etc., necessary to complete the work at the least expense.   Haigler and Frey likewise utterly failed to comply with that portion of the contract which required them to complete the house on or before April 15, 1904, and have never yet completed the same; the house never having been sufficiently completed for the plain-

tiff to occupy the same until May 15, whereby the plaintiff was injured and damaged in the sum of $40, the value of one month's rent. The house is not yet completed in accordance with the contract, the work necessary to be done to complete it being set out in detail in the petition. Haigler and Frey have therefore failed to well and truly comply with all the terms and conditions set forth in the contract, and have likewise failed to fully carry out and comply with their obligations in the particulars above set out; and Bazemore has likewise failed to do so for them. The bond has therefore been broken, to the injury and damage of the plaintiff. Attached to the petition were copies of the bond and the contract. The bond was in the sum of $500, payable to the plaintiff, and the condition was that Haigler and Frey should well and truly comply with all the terms and conditions in the contract (a copy of which was attached to the bond), and fully carry out and perform all their obligations therein, or that Bazemore should do so for them. The contract provided that the house should be erected according to the plans and specifications of a named architect, which were made a part of the contract, and that it should be completed on or before April 15, 1904; but that if any additions and alterations were made, further time should be allowed, if such additions and alterations should be the cause of the delay and the contractors had exercised reasonable diligence in reference to the same. Those portions of the contract which are material in the present controversy are as follows:

"3. The contractor shall find all materials, labor and services, tools and scaffolding, implements, and power of every kind necessary for the full completion of said building, as set forth in these specifications.

"4. The owner shall pay to the contractor, for the full, safe, and perfect completion of the work, the sum of $3,000.00; but if the owner, with the consent of the architect, shall direct in writing any additions to, or alterations of, or omissions from the plan or works, the value of such shall be added to or deducted from the said sum of $3,000.00, as the case may be, such value to be computed by the architect, whose decision shall be final and conclusive on both parties hereto.

"7. If the contractor shall become bankrupt or insolvent, or make an assignment for the benefit of his creditors, or shall sus-

pend or delay the performance of any part of this contract for five days after a notice shall be served upon him or left at his place of abode by the architect, requiring him to proceed with and perform the same, it shall be right for the owner, with the consent of the architect, to enter upon and take possession of the works, and to employ any other person or persons to carry on and complete said works, and to use the materials of the contractor there being, and the cost and expense incurred in carrying on and completing the said works shall be deducted by the owner from any money due or to become due the contractor; and if said work is not completed for the sum at which the contractor agreed to do it, then the said contractor shall make said overplus good to said owner; such overplus shall be a valid debt against the contractor.   The expense incurred by the owner as herein provided, either for furnishing materials or furnishing the work, or both, and any damage incurred through such default, shall be audited and certified by the architect, whose certificate thereof shall be conclusive upon the parties hereto.

" 8. In case the works and things hereby contracted to be done by the contractors shall not be done and completed the time hereinbefore mentioned, the contractor shall pay to the owner, on demand, such damages as can be shown by reason of such delay, for every day that may elapse from the appointed and actual time of completion, as mentioned in clause 1st, allowance being made for delay (if any) occasioned in the execution and completion of the work by reason of additions to, alterations of, or omissions, as provided for in clause 1st, or for strikes, fire, or similar accidents; and if parties are unable to agree as to the amount which may be claimed, the same shall be referred to arbitrators, one selected by the contractor, and one by the owner, and these two shall have power to name an umpire, whose decisions shall be binding on all parties."

Each of the defendants filed a general demurrer, as well as a special demurrer upon specified grounds. Before the demurer was heard the plaintiff offered an amendment, which is in substance as follows:   Bazemore had full notice and knowledge of the failure of Frey to comply with the contract, of the failure of Haigler and Frey to find materials, labor, etc., and of the payments made by the plaintiff as set out in the petition.   He also had full

notice and knowledge at the time of the fact that the plaintiff was completing the building contracted for. "Said W. L. Bazemore himself procured the said Haigler to perform the work as set out in the petition," and Bazemore, with full notice and knowledge, utterly failed himself to carry out the obligations of the contract. The plaintiff acted in good faith, for the purpose of reducing the damages arising by reason of the breach of the contract as much as possible, and the work was done and material purchased at the lowest possible sum necessary to construct the building according to the specifications. The court refused to allow the amendment, sustained the demurrers, and dismissed the petition. To these rulings the plaintiff excepted.

*Hardeman & Jones* and *E. P. Johnston*, for plaintiff.
*M. Felton Hatcher*, for defendants.

COBB, J. 1. The amendment should have been allowed. It was germane to the petition, and did not set forth a new cause of action. See *City of Columbus* v. *Anglin*, 120 *Ga.* 785. One of the distinct terms in the contract was that Haigler and Frey were to find all material, labor, etc., necessary for the full completion of the building as set forth in the specifications. The condition of the bond was that they should well and truly comply with all the terms and conditions of the contract. The petition alleged that they utterly failed to find material, labor, etc., which was necessary to complete the building, and that as a consequence the plaintiff was damaged in a stated amount, being the sum which he was required to pay out in excess of the contract price; and the amendment which was rejected alleges that this sum was necessarily expended for this purpose, and that the labor and materials were secured at the lowest possible cost, a bill of particulars to the petition setting forth each item that was thus procured. These allegations in the original petition and the amendment seem to set forth a complete cause of action upon the bond, and if there were no other allegations in the petition, the plaintiff would be entitled to recover upon proof of the averments.

2. But it is said that under the 7th paragraph of the contract the plaintiff had no right to take charge of the work except in the manner therein specified, that is, that it was necessary to give the contractors five days notice to continue the work, and, upon their failure, to obtain the consent of the architect to take charge of the

work. It is claimed that this provision in the contract was not complied with, that the risk of the surety was thereby increased, and that he is discharged from any liability on the bond. The contract of Haigler and Frey was to complete the work. The contract of Bazemore was to complete the work for them if they failed to do so; and in the event both failed, the contract of the principals and surety on the bond was to indemnify the plaintiff against loss on account of such failure. The purpose of the 7th paragraph of the contract was the protection of the plaintiff against the failure of both Haigler and Frey, the plaintiff thereby being given the right under certain conditions to have the work completed by other persons. It would seem from the allegations of the petition that while the contract was a joint one of Haigler and Frey, the work was first begun and carried on by Frey alone; and if he had completed the work, this would have been a compliance with the contract, for performance by either of the joint obligors would have been a sufficient compliance with the contract. When Frey abandoned the contract, it seems that Haigler was willing to undertake to comply with the same, that his willingness to complete the contract was not only known to Bazemore, but that it was at Bazemore's instance and request that Haigler took up the unfinished work of his co-obligor, which he had a right to do. It was during the time that Haigler was undertaking to comply with the contract that he failed, certainly at one point, and possibly at others; that is, he failed to find the material necessary. The plaintiff did not take the work completely out of the hands of both Haigler and Frey, as he would probably have had a right to do, after service of the notice and the consent of the architect, but Haigler was allowed, with the knowledge of Bazemore, the surety, to continue the work which Frey had failed to complete. Both Haigler and Frey were under an obligation to complete the work, and it was immaterial to the plaintiff which one actually did the work. Bazemore, the surety, was surety for both, and he was alike responsible for the failure of either. Haig-ler's taking the place of Frey in the actual conduct of the work, at the instance of the plaintiff, with the knowledge of Bazemore, was in no sense a novation of the contract. Haigler was simply doing what he was under an obligation to do; and we do not see how the risk of Bazemore was in any sense increased by the work

being shifted from one of the contractors to the other one, when he was bound under the bond for the faithful performance of the contract by each and by both. The condition of affairs contemplated by the 7th paragraph of the petition does not seem to have arisen, that is, where the plaintiff would be compelled to secure the services of some one not connected with the original contract to complete the work. If the allegations of the petition were that both Frey and Haigler had entirely abandoned the contract and failed to perform its conditions, and that the plaintiff had made a new and independent agreement with Haigler to complete the work, without reference to the old contract, an entirely different question would have been raised; and it is probable that the right of the plaintiff to recover would have been dependent upon his compliance, either literally or in substance, with the stipulations of paragraph 7. But, as we interpret the petition, this was not the case. Frey attempted to perform, and failed. Haigler took his place, and he likewise failed at the point where the contract required him to find the material. But each was attempting to carry out the original contract, and Bazemore was bound as surety for them on the original contract, and was liable for the failure of each to perform the contract, as he would have been liable if both of them had together failed to perform.

3. The contract provided that the house should be completed on a given day. It was distinctly alleged that the house was not completed on this day, and there were allegations showing the damage which resulted from this failure. The failure to complete the contract on the day named was a breach of the bond. But it is said that the plaintiff is not entitled to recover this damage, for the reason that paragraph 8 of the contract requires the damage to be determined by arbitration, and there could be no recovery of such damage until there had been an arbitration in the manner provided. It is unquestionably true that parties may stipulate in a contract that the amount of damage in case of a breach shall be fixed by arbitration. But such a stipulation would not bar a party damaged by the breach from recovering the damages by suit, even though there were no arbitration, unless the provision for arbitration amounted to a condition precedent to the right to resort to the courts, or arbitration was made the only mode by which the amount of damages should be ascertained. *Liverpool*

*Ins. Co.* v. *Creighton*, 51 *Ga.* 110. See also Cole *v.* Mfg. Co., 91 Tenn. 525. The language of paragraph 8 of the contract is, that, if the parties are unable to agree as to the amount due for delay, etc., "the same *shall* be referred to arbitrators." The question is whether the mere use of the word "*shall*" makes the submission to arbitration a condition precedent to suit. We do not think so. In the case of Hamilton *v.* Insurance Co., 137 U. S. 370, a stipulation in an insurance policy, where the word "*shall*" was used in the same connection as it was in this contract, was held not to make the stipulation one which would require arbitration as a condition precedent to an action at law. See also, in this connection, Cole *v.* Mfg. Co., supra; *Southern Fire Ins. Co.* v. *Knight*, 111 *Ga.* 622 (1). Parties have a right to appeal to the courts for the assessment of damages to which they may be entitled, growing out of a breach of a contract into which they have entered; and while the law authorizes them to make a binding agreement that the damages shall be assessed in other ways and by other tribunals, either provided by law, or created by themselves for this purpose, before any one will be deprived of an appeal to the courts it must appear from clear and unequivocal language in the contract that such was the intention of the parties. There may be cases where a party would be liable to an action for damages for a failure to submit the controversy to arbitration upon an agreement to do so, when such agreement could not be pleaded in bar of the action. Hamilton *v.* Ins. Co., 137 U. S. 385.

4. It is also said that the petition should have alleged that the delay was not due to alterations and additions being made as provided by the contract; but we think this is matter of defense and should be made the subject of a plea. The petition was sufficient to call for an answer from both of the principals and from the surety.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*