## 1185. HAIGLER *et al. v.* ADAMS.

1. In a suit to recover damages for the breach of a contractor's bond for the construction of a house, an amendment to the answer of the contractor, which amendment alleged that the original contract had been mutually abrogated by himself and the owner of the house, and an entirely different contract substituted therefor, under which the house was constructed (the amendment specifically setting out all the terms and conditions of the new contract), set up a good defense, and should have been allowed, such defense not being made by the original answer.

2. A substitution of another contract for the original contract for the construction of a house, made by the contractor and the owner of the house, without the knowledge or consent of the surety on the contractor's bond for the faithful performance of the original contract, under which new contract the house was in fact constructed, would release the surety from liability on the bond. And any material change or alteration in the original contract, made by the contractor and the owner of the house, without the knowledge of the surety and not assented to by him, which increased his risk as surety, would release the surety from the obligations of his bond and discharge him from all lia-

bility thereon. Amendments to the answer of the surety, specifically embodying the above defenses, should have been allowed, under the state of the pleadings in the present case.

3. Sections 2968, 2971, and 2972 of the Civil Code, defining a contract of suretyship and the rights of a surety, were pertinent to the issues involved, and should have been given in charge to the jury on timely written request, or even without request.

Action on bond, from city court of Macon—Judge Hodges. January 9, 1908.

Argued July 15, 1908.—Decided February 16, 1909.

*M. Felton Hatcher,* for plaintiffs in error.

*Hardeman, Jones & Johnston,* contra.

HILL, C. J. The questions in this case arise in a suit on a contractor's bond for the construction of a house. The judgment of the trial court, in refusing to allow an amendment to the petition and in sustaining a demurrer thereto, was reversed by the Supreme Court. *Adams* v. *Haigler,* 123 *Ga.* 659 (51 S. E. 638). Subsequently the case was before this court on exceptions to the award of a nonsuit, and that judgment was reversed. *Adams* v. *Haigler,* 2 *Ga. App.* 99 (58 S. E. 320). It is now before this court on exceptions to the refusal of the trial court to allow certain amendments of the answers, and to the judgment overruling the defendants' motion for a new trial. We will consider the exceptions in so far as we regard them material and meritorious.

When the case was first before this court, we held, construing the decision of the Supreme Court, that the defenses that could be made to the suit in the then state of the pleadings were three: (1) that the delay in completing the work was due to alterations and additions made by the plaintiff, and not to the fault of the contractors; (2) that there were material changes in the contract, not embraced in the admitted changes set out in the petition, and which were not consented to by the defendant Bazemore, and which increased his risk as surety; (3) the separate defense of Frey, one of the contractors, that with the consent of Haigler, the other contractor, the plaintiff had released him from compliance with the contract. On the last trial Haigler, one of the principal defendants, offered an amendment to his original answer, by which amendment he in effect set up that the plaintiff and himself had entirely abrogated the original contract on which the suit was predicated, and had substituted therefor a new and entirely differ-

ent contract. In this amendment he specifically set out all the terms and conditions of the new contract, and averred that by this contract he had been discharged and released from liability as contractor on the original contract; he alleged that with Frey, his partner, he undertook the construction of a house for the plaintiff, according to plans and specifications prepared by an architect; that shortly after commencing the work, the plaintiff, without consulting him, and of his own motion, forced Frey to abandon the work, by driving him away from the premises and warning him not to return; that the plaintiff expressed great dissatisfaction with the work as it was then proceeding, and that it was finally agreed between the plaintiff and himself that the former should from that time on have full control of the work, furnishing all material, labor, services, tools, scaffolding, implements, and power of every kind necessary for a full completion of the work, and should have full right and authority to suggest alterations and additions in the plans, and that he, this defendant, should cease to be a contractor, but would supervise the construction of the house, superintend the labor, and attend to paying for the same, the money for the materials and pay-rolls being furnished to him by the plaintiff; that in pursuance of this second agreement, he acted throughout as superintendent in charge of the work for the plaintiff, and was under the absolute control and direction of the plaintiff in purchasing materials, finding labor, and carrying out suggestions of the plaintiff as to alterations and additions, and that he was paid for such services a per-diem wage by the plaintiff. He alleged that under this second contract, which was substituted for the original contract, the cost of construction of the house was greatly increased, exceeding the amount sued for, and that this increased cost was due entirely to the control exercised over such construction by the plaintiff, and to the additions and alterations made by him. This amendment was objected to by the plaintiff and was disallowed by the court; and to this ruling exceptions pendente lite were taken.

Bazemore, who was sued as surety on the original contract, offered the following amendment to his original answer: that Haigler and Frey jointly began the construction of the house named in the petition; that a few days thereafter, one of the contractors, Frey, was driven from the premises by the plaintiff, and warned

not to return; that shortly after this the other contractor, Haigler, for some cause not actually known to this defendant, threatened to abandon, and did in fact abandon, the contract altogether; whereupon the plaintiff agreed with Haigler that from that time on he (the plaintiff) would purchase all the materials and find all the labor, etc., necessary to complete the work, and would furnish all the money for the pay-rolls, if Haigler would superintend the construction of the house; and thereafter all the material that went into the house was purchased by the plaintiff, all the labor was paid for by the plaintiff, and everything necessary for the completion of the house was furnished by the plaintiff, and Haigler was paid by the plaintiff a per-diem wage for superintending the work for the plaintiff. He alleged that this new arrangement between Haigler and the plaintiff was entirely unknown to, and was entered into without the consent of, this defendant, and that he was released from all liability on his bond, given for the performance of the first contract, by this substitution of another contract. He further alleged that he was not notified of Haigler's threatened and entire abandonment of the contract, and that he was never given an opportunity to advance money for him, if needed, or to complete the construction of the house himself, but that the completion thereof was left wholly in the hands of the owner. He further alleged that the material changes and alterations in the manner of carrying on the work, the dispensing with the supervision of the architect, the finding of the material, and the paying of the labor by Adams were all without his knowledge or consent, and greatly increased his risk as surety, and greatly increased the cost of construction of the house, and that by these material changes and alterations he was discharged from liability on his bond. This amendment was, on objection of the plaintiff, rejected by the court, and exceptions pendente lite were filed by Bazemore.

These amendments are elaborated with great detail, but it will be seen that in substance they set up, as defenses: First, that Haigler, one of the original contractors, was released from that contract by the second contract or agreement which he made with the plaintiff; in other words, that this second contract under which the house was constructed was accepted by the plaintiff and by Haigler as a substitution for the original contract, and for this

reason Haigler was released and discharged from all liability on the original contract. Second, that Bazemore, as surety on the original contract, was released and discharged from all liability as such surety, (1) because of the second contract, made without his knowledge or consent, by the plaintiff and Haigler, under which the house was constructed; and (2) because, even if there was not a complete substitution, there were material changes and alterations in the contract, made by Haigler and the plaintiff without his knowledge or consent as surety, which greatly increased his risk, and released him from all liability.

1, 2. The proposed amendments to the answers of the defendants Haigler, principal, and Bazemore, surety, should have been allowed. In so far as these amendments relate to a new contract that was made by the plaintiff and by Haigler as a substitute for the original contract, this defense was not covered by the original answers. And in so far as in his amendment he makes the defense that there were material changes and alterations made in the original contract, greatly increasing his liability as surety, and made without his knowledge or consent, and that therefore he was released from liability, this defense, although substantially made by the original answer filed by him, was specifically elaborated in the amendment. These amendments, both of Haigler and Bazemore, contained averments of facts which constituted proper matters of defense, under well-settled principles of law, and as specifically ruled by the Supreme Court and this court in this case. 123 *Ga.* 659; 2 *Ga. App.* 104. Haigler's original answer set out that there were alterations and changes in the original contract, but that these were made by the plaintiff with his consent. His amendment goes much further and avers that the contract originally made by him and Frey with the plaintiff was entirely abrogated, and that another contract was substituted therefor. If both parties to a contract change or alter its terms by mutual consent, the contract is still binding on both; and if both parties to a contract abandon it entirely and make a new contract, this is no breach of the first contract. Abandonment by both parties of a contract precludes either from complaining of a breach. *Eaves* v. *Cherokee Iron Co.,* 73 *Ga.* 459 (3). Bazemore, the surety on the contractor's bond, by his amendment sets up a defense that both this court and the Supreme Court hold could be made by him,

to wit, that there were material alterations and changes in the contract, made without his consent or knowledge, between the plaintiff and Haigler, which greatly increased his risk and therefore released him from liability. It will be seen, by reference to the petition, that the changes and alterations in the contract, set up in the amendment, were not included in those which in the petition were admitted to have been made by the plaintiff and alleged to have been consented to by Bazemore, the surety. Besides this, the amendment also alleges that the contract, for the performance of which he was surety, was totally abandoned by both the plaintiff and Haigler, and another contract substituted therefor. If either one of these defenses be established by proof, the surety would be released and discharged from liability. *Bethune* v. *Dozier,* 10 *Ga.* 235; Civil Code, §§ 2972, 3710. We therefore conclude that the defendants were entitled to have the issues that these amendments presented made a part of their defense and submitted to the jury.

3. There are numerous assignments of error made in the motion for a new trial, but we think none of them are material or meritorious except those which complain of the refusal of the court to charge the jury in accordance with timely written requests relating to the rights of the surety, as embraced and defined in §§ 2968, 2971 and 2972. These sections were all pertinent to the issues made by the surety, and he was entitled to have them submitted to the jury. We have carefully examined the charge, and we think that the court did not clearly and distinctly differentiate Bazemore's liability as surety on the contract and the law applicable to him as surety, and the liability of the principal contractor. In fact, after giving this case very careful consideration, we have come to the conclusion that the only issues that were material or substantial were those presented by the amendments which were disallowed by the court, and, as to the surety, controlled by the above sections of the code which the court was requested to give in charge; and we entertain the hope that when these issues are presented on another trial, an end may be had to this case, which has certainly had "its day in court."

<div align="right">

*Judgment reversed.*