## 12436. WESTBROOK v. GRIFFIN.

BROYLES, C. J.   1. Where a petition is met with a general demurrer which sets out that no cause of action is shown by the petition, the judgment sustaining the demurrer, if not reversed, is a bar to any subsequent suit by the plaintiff against the defendant on the claim or demand set forth in the petition, either upon the ground set forth therein, or upon any other grounds which could have been added thereto by amendment. *Satterfield* v. *Spier*, 114 *Ga.* 127, 132 (39 S. E. 930); *McElmurray* v. *Blodgett*, 120 *Ga.* 9, 15 (47 S. E. 531). However, a demurrer, which states that " defendant demurs to the petition because the same does not clearly, fully, and distinctly set forth any cause of action against defendant," is really a special demurrer, since it points out a defect in form rather than a defect in substance. *Kemp* v. *Central Railway Co.*, 122 *Ga.* 559, 561 (50 S. E. 465). It is a general demurrer only in the sense that it goes to the whole case and results in the dismissal of the entire action, and such a demurrer may be sustained without creating a res adjudicata. *Wolfe* v. *Georgia Railway & Electric Co.*, 6 *Ga. App.* 410, 413 (65 S. E. 62).

2. Under the above ruling, the dismissal of the plaintiff's former action against the defendant on demurrer was not a bar to the present suit; and the court erred in sustaining the defendant's special plea in bar and in dismissing the case.

    *Judgment reversed.   Bloodworth, J., concurs.   Luke, J., dissents.*

                        DECIDED JULY 12, 1921.

Complaint; from city court of Americus — Judge Harper. March 22, 1921.

*Maynard & Williams,* for plaintiff.

*Wallis & Fort,* for defendant.

LUKE, J., dissenting. I cannot agree that the demurrer which was sustained by the trial court and referred to in the majority opinion was nothing more than a special demurrer. The judgment of the court generally sustained the demurrer, and the demurrer interposed was as follows: " Defendant demurs to the petition, because the same does not clearly, fully, and distinctly set forth any cause of action against defendant." It is clear to me that all parties understood the demurrer to be both general and special. The demurrer, having been generally sustained, had the effect of dismissing the plaintiff's case for the reason that the petition set forth no cause of action. Upon the facts of the case as disclosed by the record I cannot see that the court erred in sustaining the defendant's special plea in bar and in dismissing the case.