was upon the plaintiff to show that the temporary closing of the mill had caused it an actual monetary loss (payment for the physical damage to the mill caused by the explosion having been made by the insurance company). The agreed statement of facts failed to show affirmatively that the plaintiff had sustained any actual monetary loss on account of the temporary closing of the particular mill in question, and the trial judge did not err in so finding. The refusal to grant a new trial was not error for any reason assigned in the motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Bloodworth, J., concur. .*

DECIDED MAY 15, 1929.

*Jones, Evins, Powers & Jones,* for plaintiff.
*Spalding, MacDougald & Sibley,* for defendant.

## 19589. MANEY *v.* LITTLE.

BROYLES, C. J. 1. A "demurrer, being a critic, must itself be free from imperfections." *Douglas &c. Ry. Co.* v. *Swindle,* 2 *Ga. App.* 550 (4) (59 S. E. 600).

(a) "A general demurrer enables the party to assail every substantial imperfection in the pleadings of the opposite side without particularizing any of them in his demurrer. . . A special demurrer goes to the structure merely, and not to the substance, and it must distinctly and particularly specify wherein the defect lies. The party demurring must lay, as it were, his finger on the very point, otherwise the demurrer may not be noticed." *Martin* v. *Bartow Iron Works,* 35 *Ga.* 320, 323.

2. Under the above-stated ruling a special demurrer in the instant case, attacking a paragraph of the petition "on the ground that said paragraph is a conclusion of the pleader and that said paragraph is vague and indefinite, and not plead with the particularity required by law," is itself too vague and indefinite to raise any question for the consideration of the court. *Darien Bank* v. *Clifton,* 156 *Ga.* 65 (2) (118 S. E. 641).

3. The petition as amended set out a cause of action and was not subject to general demurrer, nor to any of the special grounds of demurrer interposed, and the court properly so held.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED MAY 15, 1929.

*John F. Echols,* for plaintiff in error.
*T. L. Slappey, Homer Watkins,* contra.

19592. BUTTS *v.* CITY OF MOULTRIE *et al.*

BROYLES, C. J. 1. Under the section of the code which provides that a mother may recover for the homicide of a child, minor or sui juris, upon whom she is dependent and who contributes to her support, *unless such child leave a wife, husband, or child* (Civil Code of 1910, § 4424), a mother has no right to sue for the homicide of her son where he leaves a wife or child, and, where she does so sue, her petition must affirmatively allege that her son left no wife or child, or it is subject tó be dismissed on general demurrer.

(*a*) The allegations in the petition, that her son was eighteen years of age, that she was dependent on him for support, and that he contributed to her support, construed (properly) most strongly against the pleader, did not negative the existence of a wife or child at the time of the homicide. *Lamb* v. *Tucker,* 146 *Ga.* 216 (2) (91 S. E. 66); *Dellinger* v. *Elm City Cotton Mills,* 26 *Ga. App.* 780 (107 S. E. 264).

2. The petition, properly construed (most strongly against the plaintiff), clearly discloses that the deceased, by the exercise of ordinary care, could have avoided the homicide.