[Criminal No. 757. Filed October 22, 1931.]

[3 Pac. (2d) 1052.]

## WILLIAM H. WAHL, Appellant, v. STATE, Respondent.

Mr. Thorwald Larson, for Appellant.

Mr. K. Berry Peterson, Attorney General, Mr. J. R. McDougall, Assistant Attorney General, and Mr. Dodd L. Greer, County Attorney, for Respondent.

ROSS, J.—Defendant Wahl was informed against for criminal libel. He moved to set aside the information on the ground he had not been held to answer.

He also demurred to the information on the grounds of duplicity and its failure to state facts sufficient to constitute a public offense. The motion and demurrer were overruled. Defendant then pleaded not guilty, and upon the issue thus formed the trial proceeded before a jury to a conviction. The court sentenced the defendant to pay a fine of $750, and in case of default that he serve in the county jail of Apache county one day for each three dollars of the fine not paid.

The case is before us on the record only, the evidence at the trial not having been brought up.

The defendant's first complaint is of the order of the court refusing to grant his motion to set aside the information, and in permitting the county attorney to file a corrected order of commitment. It appears that the order of commitment on file when the information was returned erroneously gave the date of the commission of the offense as July 19, 1930, whereas the correct date was November 1, 1927. The order could in no way have prejudiced defendant. It simply amounted to a correction of a clerical error that had inadvertently crept into the commitment. The correction was to make the date of the offense as recited in the commitment correspond with the actual facts as shown by the magistrate's record. This was not error. 16 C. J. 337, § 612.

The information, besides following the language of the statute, or its equivalent, describing criminal libel, set out *verbatim* the writing charged to be libelous, without innuendoes. This is permissible if the language used is libelous *per se*. 37 C. J. 146, § 667. It can hardly be said a charge that a person is guilty of robbing another in a business transaction and of subornation of perjury to accomplish it is not libelous *per se*. This was certainly the charge contained in the writing of and concerning the persons libeled.

The information charged but a single offense. The demurrer was properly overruled.

Under the law, a person convicted of libel cannot be punished by confinement in a county jail. *Dunbar* v. *Territory,* 5 Ariz. 184, 50 Pac. 30. The statute, section 4617, Revised Code of 1928, provides:

"Libel is punishable by a fine not exceeding five thousand dollars or imprisonment in the state prison not exceeding one year."

The fine of $750 was within the power of the court to impose, but not so the imprisonment in the county jail for default in paying the fine.

The judgment of conviction should be modified by striking therefrom the imprisonment feature. Sec. 5148, Rev. Code 1928; 8 R. C. L. 237, §§ 237, 238 and 239. As thus modified, the judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.