LEAVY *v.* THE STATE.

No. 9313.   FEBRUARY 24, 1934.

*J. T. Colson, C. H. Leavy Jr.,* and *Tyson & Tyson,* for plaintiff in error.

*O. C. Darsey, solicitor,* contra.

BELL, J.   This case is here on the grant of a certiorari to review a judgment of the Court of Appeals affirming the conviction of the defendant, the petitioner in certiorari, of the offense of libel.   See *Leavy* v. *State, 45 Ga. App.* 574 (165 S. E. 470).

It is contended, first, that the Court of Appeals erred in holding that the defendant's demurrer to the accusation was properly overruled by the trial court.   A copy of the material parts of the accusation will be found in the statement of the case as made by the Court of Appeals, and the same will not be repeated here.   The accusation was predicated upon an editorial alleged to have been published in a newspaper of which the defendant was editor, which editorial contained about 700 words and was set forth in full in the accusation.   The only ground of the demurrer to which particular reference was made in the petition for certiorari was ground 2, "that the allegations are too vague, uncertain and indefinite as to charge the defendant with a violation of any penal statute."   This was not a special demurrer, but was a mere general demurrer attacking the information as a whole upon the ground that it failed to charge the commission of any criminal offense.   See *Martin* v. *Bartow Iron Works,* 35 *Ga.* 320; *Green* v. *State,* 109 *Ga.* 536 (35 S. E. 97); *Darien Bank* v. *Clifton,* 156 *Ga.* 65 (2) (118 S. E. 641); *Douglas, Augusta & Gulf Ry. Co.* v. *Swindle,* 2 *Ga. App.* 550 (3) (59 S. E. 600); *Manry* v. *Little,* 39 *Ga. App.* 681 (148 S. E. 312). In support of this ground of the demurrer it is insisted that "where an article is lengthy and contains matter that is libelous with much that is not, and the entire article is set out in full, the indictment is insufficient unless the libelous matter is singled out and the prosecution based thereon," which contention is based upon a statement in 25 Cyc. 578, where the following cases are cited:   Jackson

*v.* State (Tex. Cr. App.), 77 S. W. 223; United States *v.* Callender, 25 Fed. Cas. 239, No. 14709. It is not contended that the editorial here under consideration was absolutely without any language which could be found to be libelous, and we can not agree that where an article is lengthy and contains matter that is libelous with much that is not, and the entire article is set out in full, the accusation is, under the law of this state, fatally defective and subject to a mere general demurrer unless the libelous matter is singled out and the prosecution based thereon. Whether or not the accusation would have been subject to special demurrer upon this ground is a question not presented in the instant case.

We have examined the Jackson and Callender cases, and with reference to the latter case it is sufficient to say that it does not touch the question. The decision in the Jackson case, rendered by the Texas Criminal Court of Appeals, appears upon its face to hold squarely in favor of the proposition quoted, although it is seen from the report that the conviction was at first affirmed, one of the judges dissenting, and that it was on rehearing that the court held the information defective and reversed the judgment, the final conclusion being also by a divided bench. No other decision of like effect has been called to our attention, and we have been able to discover none by independent research.

Furthermore, the Texas statute (Penal Code of Texas, 1895, Art. 727) upon the subject of criminal libel contains five separate grounds upon which a prosecution may be laid, and the decision in the Jackson case was apparently based upon the idea that the information should not only set forth the alleged libelous matter, but should contain averments to indicate what particular provision of the statute was violated. This is plainly evident from other decisions by the same court, as follows: McKie *v.* State, 37 Tex. Cr. 544 (40 S. W. 305); Nordhaus *v.* State (Tex. Cr. App.), 40 S. W. 804; Mankins *v.* State, 41 Tex. Cr. 662 (57 S. W. 950). The penal statute of this State (Penal Code of 1910, § 340) is different, and the reasoning of the Texas court upon the question indicated can not be applied thereto. Compare Wahl *v.* State, 39 Ariz. 62 (3 Pac. (2d) 1052); State *v.* Pierce, 140 Or. 1 (12 Pac. (2d) 320).

A petition for certiorari must plainly specify the decision complained of and the alleged errors. Rule 2, 28 *Ga. App.* 820. Although in the instant case the demurrer to the accusation contained

several grounds and it is stated in the petition for certiorari that the petitioner assigns error upon the ruling and decision of the Court of Appeals holding that the trial court properly overruled the demurrer, there is no complaint or specification that the judgment and decision of the Court of Appeals were erroneous except upon the ground that the accusation set out the editorial in full without purporting to single out the alleged libelous matter; and this question was not raised by that ground of the demurrer which merely objected that the allegations were "too vague, uncertain, and indefinite" to show the commission of any penal offense. The rulings of the Court of Appeals in relation to the demurrer having been challenged upon the sole ground stated, no decision will or should be made by this court as to other questions in regard to the demurrer. As to this phase of the case, the decision and judgment of the Court of Appeals were not erroneous for the reason assigned.

■ It is next insisted that the judgment of the trial court should have been reversed because of the instruction that "editors of newspapers take full responsibility of all editorials published in the newspaper of which they are editor," and that if an editorial is in fact libelous, "the editor is charged with it under the law." While the instruction complained of may have stated the rule of criminal responsibility too broadly as regards an editor (Penal Code of 1910, §§ 340, 341), the error, if any, was harmless to the defendant in this case, he having admitted in his statement that he "told a subordinate to write" the editorial and was "responsible for it."

■ We will not discuss the other assignments of error in detail. The certiorari was granted mainly to consider the question discussed in the first division of this opinion; but we have thoroughly considered each and every contention made, and in view of the whole record, including the defendant's statement, we can discover no sufficient cause for reversing the judgment of the Court of Appeals. *Judgment affirmed. All the Justices concur, except*

ATKINSON, J., who dissents for the reason that whether ground 2 of the demurrer was strictly a general or a special demurrer, it was a sufficient ground of attack upon the accusation for want of due specification, and was well taken.