### 31373. SIKES *v.* MARKHAM.

DECIDED MARCH 13, 1947.

*A. E. Wilson, J. Richmond Garland,* for plaintiff.
*R. R. Jackson, C. E. Moore,* for defendants.

MACINTYRE, J.   J. W. Sikes, a licensed real-estate broker, brought suit against the defendants, Mr. and Mrs. M. R. Markham, to recover a real-estate commission alleged to have been earned by the plaintiff. The written memorandum, listing the property in question and attached to the petition and made a part thereof, contained the following: "Loan [on real estate in question]: Original Amt. *$4500* Unpaid Bal. $...... How Paid *$45 per mo.* Interest Rate *6%*. Mortgage ........ Address *Ga. Savings Bank*.

Second Mtg. Amt. *$700.* How Paid *$25 per mo.* Mortgagee *C. J. Camp.* Sale Price: *$9500.* Cash *$ Over and above loan."*

The written memorandum of the contract offering to purchase is also attached to the petition as a part thereof and is in part as follows: "The purchase-price of said property shall be $10,500, Ten thousand and five hundred and no/100 $10,500 Dollars, to be paid as follows: To be a cash transaction. All to be paid at close of deal when loan is secured."

Paragraph 1 of the demurrer of each of the defendants states "that there is no cause of action plainly, fully, and distinctly plead by plaintiff in said pleadings, authorizing the granting of the relief prayed for by plaintiff in his prayers in said case."

The demurrer above quoted was general in its nature and attacked the petition as a whole upon the ground that it failed to set out a cause of action. *Leavy* v. *State,* 178 *Ga.* 566 (173 S. E. 419); *Muller* v. *Cooper,* 165 *Ga.* 439, 441 (141 S. E. 300); *Martin* v. *Bartow Iron Works,* 35 *Ga.* 320, 323; *Westbrook* v. *Griffin,* 27 *Ga. App.* 290 (108 S. E. 123).

Upon the hearing of the demurrers, the court passed the following order on the demurrer of each defendant: "The within demurrer coming on regularly for hearing and upon consideration thereof, the general demurrer is sustained on the ground that the offer of acceptance is at variance with the listing made by the owner and said case is hereby dismissed with $...... cost against the plaintiff. This June 5th, 1946." To this ruling the plaintiff excepted.

The question here presented for decision is whether the offer to purchase the real estate was at variance with the listing with the real-estate broker. As we understand the offer to sell in the listing memorandum, it means that there was an original loan on the property in question of $4500, to be repaid at the rate of $45 per month with interest at 6 percent payable to Georgia Savings Bank; that there was a second mortgage for $700, which was to be repaid at the rate of $25 per month; that the mortgagee was C. J. Camp; and that the sales or listed price was $9500 cash over and above the loan. In short, the purchaser was buying the equity of the seller in the property. The offer of the purchaser to buy for the cash sum of $10,500 was not an unconditional acceptance of the seller's offer, but was in the nature of a counteroffer. The

record does not disclose that the seller ever did anything further than list his property with the broker, as shown above in the statement of facts. It does not seem to us that this is an unconditional and unequivocal acceptance of the offer of the seller.

Suppose the first lienholder on the property of the seller in question might think that it had a good loan well secured, payable in the instalments running over a long period of time which it would not wish to surrender before the many respective monthly maturity dates. In that event, the seller could not require the lienholder to accept interest only as of the date of the completion of the proposed sale, and surrender its lien, even though the seller tendered to it the principal and the interest as of the date of such completion. Or it might be that the seller would not wish to spend any time or money which might be necessary in an endeavor, whether successful or not, to have such lienholder remove its lien as of such date. The same might be said with reference to the second lienholder. Thus we think that the offer of the purchaser to buy was not an unconditional and unequivocal acceptance of the offer to sell by the seller, but was more in the nature of a counteroffer to that made by the seller, and the record fails to disclose that the seller ever accepted. *Van Winkle* v. *Harris,* 137 *Ga.* 43, 48 (72 S. E. 424).

"'The offer of a seller must be accepted by the purchaser unequivocally, unconditionally, and without variance of any sort. There must be mutual assent of the parties, and they must assent to the same thing in the same sense.'" *Gray* v. *Lynn,* 139 *Ga.* 294 (77 S. E. 156); *Winer* v. *Flournoy Realty Co.,* 27 *Ga. App.* 87 (2) (107 S. E. 398); *Langford* v. *Berry,* 68 *Ga. App.* 193 (22 S. E. 2d, 349).

At best the offer by the proposed purchaser to buy was only an offer on different terms and conditions from those proposed by the seller, and since the petition fails to show that the seller accepted such offer to purchase or waived any of the provisions of his agreement to sell, the petition failed to set out a cause of action. The court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*