31870. WARING *v.* JOHN J. THOMPSON & COMPANY.

DECIDED FEBRUARY 4, 1948. REHEARING DENIED FEBRUARY 18, 1948.

*O. C. Hancock,* for plaintiff in error.

*Richard T. Nesbitt,* contra.

TOWNSEND, J. (After stating the foregoing facts.) While the petition as amended alleges in substance that the plaintiff procured a purchaser for said property in accordance with the terms stipulated by the owner, this conclusion of the pleader is dependent upon the construction of the written offer to buy executed by Mrs. Russell, and the sales-agency contract executed by the defendant. These instruments are both attached to and made parts of the petition, which must be construed in the light of the full contents of the two instruments in order to determine what are its allegations. Therefore it follows that, since the terms by which the defendant agreed to sell her property are set forth in the instrument executed by her, and the terms by which Mrs. Russell offered to buy said property are set forth in the instrument executed by her, these instruments must be resorted to, they being parts of the petition, in order to determine whether or not the petition alleges that the plaintiff procured a purchaser, ready, able, and willing to buy, and who actually offered to buy on the terms stipulated by the owner. Conclusions in pleadings are disregarded where particular facts alleged are contradictory to them. See *Southern Wood Preserving Co.* v. *Resaca Lumber Co.,* 29 *Ga. App.* 501 (2) (116 S. E. 32); *Moore* v. *Seaboard Air-Line Ry. Co.,* 30 *Ga. App.* 466 (118 S. E. 471); *Central of Ga.* v. *Lawley,* 33 *Ga. App.* 377 (126 S. E. 273).

Since the petition contains all essential allegations to state a cause of action, provided it alleges sufficient facts to show that the plaintiff, during the agency, found a purchaser, ready, able, and willing to buy, and who actually offered to buy on the terms stipulated by the owner, and since, as stated, this allegation is dependent upon the construction of the two written instruments attached to and made parts of the petition, let us examine the terms stipulated in said instrument and determine whether or not Mrs. Russell's offer to buy was in accordance with the defendant's offer to sell. The terms in the instrument offering to sell the property executed by the defendant are as follows:

"Cash or cash above loan." The terms in the offer to buy executed by Mrs. Russell are as follows: "All cash eight thousand dollars cash on date of closing. Balance of twelve thousand dollars to be financed by purchaser securing a first mortgage loan repayable $94.90 monthly including principal and interest. This being a 15-year loan at 5% interest, proceeds of said loan going to seller at time of closing."

Manifestly the terms offering to buy are not the same as those contained in the instrument offering to sell. In the latter instrument, the defendant could experience no delay in connection with the closing of the transaction, since none would be encountered in the matter of executing a deed and accepting $20,000 in cash, or in the event the purchaser assumed an existing loan, whatever amount of cash there would be above such loan. There was nothing conditional about the offer to sell. On the other hand, the offer to buy, construing the terms thereof as a whole and together, was all cash but $12,000 of this amount was to be derived from the proceeds of a loan that the prospective purchaser was to procure upon the property, the transaction of course essentially awaiting the procurement of such loan. While the petition alleges that the prospective purchaser was able to procure the loan in question, the defendant's proposal to sell did not contemplate this condition, and she was not bound to chance the inability of the proposed purchaser to procure the loan or to abide the delay incident thereto. The petition also alleges that the proposed purchaser was solvent and able to purchase the property, yet her signed offer only agreed to do so by paying for the same partially from the proceeds of a proposed loan not contemplated by the offer to sell. Nowhere does the petition allege that the defendant was ever informed that Mrs. Russell was willing to buy her property on any terms other than those set forth in her signed offer to buy.

The plaintiff pitches its case on the failure of the defendant to sign the offer to buy, executed by Mrs. Russell, and thereby to consummate the sale of the property. It relies upon its contract between it and the defendant, which in effect it contends it performed and she breached by her failure to sign the offer to buy when presented to her. Regardless of what her reason may have been for not signing the instrument and consummating the sale,.

she was not bound to do so until its terms met those stipulated by the contract she signed.

The broker's commissions are earned when, during the agency he finds a purchaser, ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner. Code, § 4-213. Conversely, an offer by a proposed purchaser on terms not stipulated by the owner will not entitle the broker to his commissions. See *Howard* v. *Sills*, 154 *Ga.* 430 (114 S. E. 580).

Since the petition failed to allege that during the agency the plaintiff found a purchaser ready, able, and willing to buy, and who actually offered to buy on the *terms stipulated by the owner*, it failed to set forth a cause of action and was subject to general demurrer. An oral motion to dismiss the petition was made by the defendant immediately before entering upon the trial of the case on the ground that the petition did not set forth a cause of action. Section 81-302 of the Code provides as follows: "All defects which appear on the face of the pleadings may be taken advantage of by motion." An oral motion to dismiss is in the nature of a general demurrer. See *Darley* v. *Starr*, 150 *Ga.* 88 (102 S. E. 819).

The trial court, therefore, erred in overruling the defendant's motion to dismiss the petition. All subsequent proceedings were nugatory.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*