## 36509. DOWLING v. SOUTHWELL.

CARLISLE, J. 1. Parties may by mutual consent abandon an existing contract between them so as to make it not thereafter binding and the contract may be rescinded by conduct as well as by words. *Hennessy* v. *Woodruff*, 210 *Ga.* 742 (82 S. E. 2d 859) ; *Shoup* v. *Elliott*, 192 *Ga.* 858, 861 (16 S. E. 2d 857).

2. An abandonment by both parties of an existing contract between them precludes either from complaining of a breach of the contract. *Haigler* v. *Adams*, 5 *Ga. App.* 637 (63 S. E. 715) ; *Eaves & Collins* v. *Cherokee Iron Co.*, 73 *Ga.* 459.

3. "It is an elementary rule of construction, as applied to a pleading, that it is to be construed most strongly against the pleader; and, that, if an inference unfavorable to the right of a party claiming a right under such a pleading may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties." *Krueger* v. *MacDougald*, 148 *Ga.* 429 (1) (96 S. E. 867).

4. Well pleaded facts are to be taken as true on the hearing on a demurrer, but a general demurrer does not admit conclusions of the pleader where the facts are not averred upon which the conclusions are supposed to rest. *Fowler* v. *Southern Air Lines*, 192 *Ga.* 845 (16 S. E. 2d 897).

5. Under an application of the foregoing principles of law to the facts of the present case, the trial court did not err in sustaining the general demurrers to the petition and dismissing the cause of action. By the terms of the exclusive sales contract,

the plaintiff was given the exclusive right, for a period of six months from the date of the contract, October 28, 1953, to sell the defendant's property at a price of $60,000, for a stipulated commission; and, it was agreed that if the property were afterward sold within a period of three months from the termination of the contract to a purchaser to whom it had been submitted by the plaintiff during the life of the contract, the plaintiff would be entitled to the commissions agreed upon. It appears from the allegations of the petition that the plaintiff talked with a named prospective customer and endeavored to "sell him" on the idea of purchasing the property for a business development; that while she was negotiating with the prospective customer during the life of the contract, the defendant withdrew his property from the market; and, subsequently, on March 2, 1955, the defendant sold the property to the plaintiff's prospective purchaser for a consideration of $40,000. Although it is alleged that the plaintiff did not agree to any cancellation of her contract with the defendant, it is not alleged that she continued her negotiations with the named prospective customer, or in any other way endeavored to consummate the sale of the property in accordance with the terms of the contract between her and the defendant. Properly construed, it appears that the plaintiff and the defendant abandoned the contract and the plaintiff is not entitled to sue for its breach.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 30, 1957.

*Johnson, Hatcher & Meyerson, Matthews, Maddox, Walton & Smith,* for plaintiff in error.

*Parker, Clary, Kent & Grubbs,* contra.

Error is assigned by the plaintiff, Miss Juliet Dowling, a duly licensed real-estate broker, doing business as Dowling Realty Company, to the sustaining of the renewed general demurrers of the defendant, W. O. Southwell, to her petition as finally amended, the material allegations of which are substantially as follows: On October 28, 1953, the defendant was the owner of certain real property located in DeKalb County, Georgia, and

known as 6,000 Peachtree Road, and on that date, through his mother, his duly authorized agent, he entered into a written sales-agency contract with the plaintiff in which he granted the plaintiff exclusive authority to sell the described property. A copy of the contract is attached to the petition and made a part thereof. Following the listing of the property, the plaintiff, at a cost to her of $15, had a sign erected on the property advertising it for sale. Further, she inserted and paid for advertising of the property for sale in Atlanta newspapers and spent many hours in discussing the property with prospective purchasers. During the course of her efforts, the plaintiff contacted G. P. Grogan, who expressed great interest in the property, and she spent much time with Mr. Grogan seeking to consummate a sale of the property to him. Mr. Grogan became a prospective purchaser as the result of having seen the advertising of the property for sale by the plaintiff, and the property was shown to Mr. Grogan by the plaintiff on two or three occasions. While the plaintiff was negotiating with Mr. Grogan, the defendant, through his mother, notified the plaintiff that he wished to withdraw his property from the market and negotiations between the plaintiff and Mr. Grogan were, therefore, discontinued. With knowledge that the plaintiff was negotiating with Mr. Grogan, and that she had procured him as a prospective purchaser of the property, the defendant withdrew his property from the market for the fraudulent purpose of attempting to deprive the plaintiff of her commission and with the intention of subsequently effecting a sale of the property to her prospective purchaser without paying for her services. The plaintiff did not agree to any cancellation of her contract with the defendant, but was unable to consummate a sale of the property to Mr. Grogan because of the wrongful termination of the contract by the defendant. Subsequently, on March 2, 1955, the defendant sold the property to Mr. Grogan for a consideration of $40,000. In selling the property to Mr. Grogan, the defendant availed himself of the plaintiff's services in locating Mr. Grogan as a purchaser for the property and "selling Mr. Grogan on the idea of purchasing the property for a business development." The plaintiff's efforts in advertising the property and in negotiating with Mr. Grogan

were the proximate cause of the subsequent sale of the property to Mr. Grogan. The schedule of charges and rates of commission covering such sales in DeKalb County at the time of the defendant's contract and at the time of the defendant's sale of the property, provide for a real-estate commission of 5 percent on the first $10,000 of the sale price, and 3 percent on the excess over $10,000. Under such schedule, the plaintiff is entitled to a commission from the sale of the defendant's property in the amount of $1,400, which sum is the reasonable value of her services.

The contract attached to the petition is in the following terms:
"Exclusive Sales Contract.
"State of Georgia.
"County of DeKalb.                                    October 28, 1953.
"To: Dowling Realty Co., 675 Penn Ave., Atlanta, Ga.

"For and in consideration of your agreement to list and endeavor to sell the property hereinafter described, the undersigned, being the owner thereof, hereby gives you the exclusive right and authority to sell the property hereinafter described beginning today and continuing for a period of six months from the date of this contract.

"I hereby further agree upon the considerations herein above mentioned, to pay schedule of charges and/or rates of commission covering such transactions, as is now in effect, whether such sale be made by you or me, or by any other person acting for me or in my behalf, upon the terms hereinafter mentioned, or any other terms acceptable to me; or if the property is afterwards sold within three (3) months from the termination of this contract, to a purchaser to whom it was submitted by us or you during the life of this contract.

Street Number 6,000 Peachtree Road, DeKalb Co., Ga.

Description: to be attached to and form a part hereof.

Terms: All cash or purchaser to pay $30,000 cash; balance to be first loan on captioned property in favor of seller—amortized (10 years or less at 6% int.) payable monthly, first mo. pymt being due & payable one mo. from closing date, this loan to be given by purchaser. Purchaser to have prepayment privilege in full or in multiple of monthly payments without a penalty.

Outstanding Rental Contracts:

Sales Price: Sixty thousand and no/100 ($60,000) dollars. Outstanding encumbrances: None.

Possession to be given by seller to purchaser not later than 30 days from closing date. Dowling Realty Co. is given privilege of placing signs on property & advertising same. In any exchange of the aforesaid property, you are given the right, in negotiating such exchange, to collect commissions on all properties involved in the transaction. This agency contract shall be binding upon, and inure to the benefit of the heirs, executors, administrators, and assigns of the respective parties hereto.

The undersigned hereby accepts the above exclusive sales contract on the terms and conditions therein set forth.

Accepted by: /S/ Juliet Dowling /S/ *Mrs. L. Southwell, Agt.*

(Owner)

Dowling Realty Co. *for W. O. Southwell.*"

Although the defendant filed various special demurrers to the plaintiff's petition, the trial court expressly confined its ruling to the general demurrers and no judgment was entered upon the special demurrers.