37171. JOHN DEERE PLOW COMPANY *v.* JOHNSON *et al.*
37172. SOUTHEASTERN FAIR ASSOCIATION *v.*
JOHNSON *et al.*
37173. JONES *v.* JOHNSON *et al.*

DECIDED FEBRUARY 25, 1959.

185

*John D. Jones, Greene, Neely, Buckley & DeRieux,* for John Deere Plow Company.

*Palmer H. Ansley, Smith, Field, Doremus & Ringel,* for Southeastern Fair Association.

*T. J. Long, Ben Weinberg, Jr.,* for Jones.

*John H. Hudson, Wm. R. Hudson, Newell Edenfield,* contra.

NICHOLS, Judge. ■ This court, on July 9, 1958, rendered a judgment reversing the judgment of the trial court overruling the general demurrers to both counts of the petition. Thereafter, on writ of certiorari, the Supreme Court affirmed the decision of this court holding that count 1 of the petition was subject to general demurrer, but reversed so much of said judgment and decision as held that count 2 was subject to general demurrer. Accordingly, that part of the judgment of this court, which was reversed by the Supreme Court, is vacated.

■ The special demurrers to count 2 of the petition were not passed upon by this court in the judgment rendered July 9,

1958; however, such demurrers, which alleged that certain allegations contained in count 2 of the petition were conclusions, etc., need not now be passed upon except to say that under the decision of the Supreme Court, supra, these allegations were not conclusions, but well pleaded facts. "Well pleaded facts are to be taken as true on the hearing on a demurrer, but a general demurrer does not admit conclusions of the pleader where the facts are not averred upon which the conclusions are supposed to rest. *Fowler* v. *Southern Air Lines*, 192 *Ga.* 845 (16 S. E. 2d 897)." *Dowling* v. *Southwell*, 95 *Ga. App.* 29 (4) (96 S. E. 2d 903). Accordingly, the trial court did not err in overruling the special demurrers of the defendants to count 2 of the petition which demurrers contended that certain allegations of such count were conclusions, etc.

■ The defendant Jones filed a special demurrer to one paragraph of count 2 of the petition in which it was alleged that the ownership of the tractor was not expressly alleged. This allegation of the petition was was not subject to such demurrer since the petition was not based on ownership of the tractor, but on the manner of display, regardless of whether the defendant Jones or the defendant John Deere Plow Co. actually owned such tractor.

The judgment of the trial court overruling the general and special demurrers to count 2 of the petition is therefore affirmed.

*Judgment reversed in part and affirmed in part. Felton, C. J., and Quillian, J., concur.*