38150.  KUNIANSKY *v*. WILLIAMS.

DECIDED MAY 4, 1960—REHEARING DENIED MAY 17, 1960.

*Irving K. Kaler, Theodore G. Frankel, John Wesley Weekes,* for plaintiff in error.

*Walter E. Baker, Jr.,* contra.

FELTON, Chief Judge.  The court was authorized to find that the agreement under which the property was listed for sale with the broker provided that the sale was to net the defendant owner

the sum of $22,000 and that all in excess thereof would be retained by the broker as fee or commission. The court was also authorized to find from the evidence that the sale price of the property was $23,500 and not $27,000 as alleged in the petition; that the recited consideration in the deed was inflated for the purpose of obtaining a larger loan; that the plaintiff at no time obtained from the purchaser a bid which would have netted the owner $22,000; that the purchase price of $23,500 was not for the property in the condition it was in at the time of listing but included extra improvements on the property paid for by the owner which cost in excess of $1,500 by reason of which the sale did not net the owner $22,000, but a sum slightly below that amount. The evidence also showed that the broker returned the earnest money to the prospective purchaser and advised him that he could not make a deal and so advised the owner and that the broker made no further efforts to sell the property to anyone; and that thereafter the owner resumed negotiations with the prospect and sold the property to him together with certain extras for the sum of $23,500.

"A broker's commissions are earned when, during the agency, he finds a purchaser ready, able and willing to buy, and who actually offers to buy on the terms stipulated by the owner." Code § 4-213; *Sikes* v. *Markham*, 74 *Ga. App.* 874 (41 S. E. 2d 828); *Waring* v. *John J. Thompson & Co.*, 76 *Ga. App.* 494 (46 S. E. 2d 364); *Atlanta Realty Co.* v. *Campion*, 94 *Ga. App.* 136 (93 S. E. 2d 781). The finding that negotiations were not still pending between the broker and prospective purchaser was clearly authorized from the evidence that the broker had returned the earnest money and stated to the prospective purchaser that he could not make the deal, which facts were communicated to the owner by the broker. Although the facts in that case are different the rule is well stated in *Tidwell* v. *Hines*, 28 *Ga. App.* 806 (3) (113 S. E. 48). In substance the rule is that where the broker has failed to procure an offer to buy upon the terms stipulated and the owner has not relinquished his right to sell the property himself to authorize a recovery of commissions it must appear that the owner negotiated the sale directly to the customer procured by the broker with a fraudulent intent to deprive the

broker of his commission. See also *Mobley* v. *Tinsley*, 31 *Ga. App.* 259 (120 S. E. 437). The court in this case was authorized to find that there was no fraudulent intent on the defendant's part because no offer was procured on terms stipulated by the owner, there was no sale by the owner on such terms, and negotiations were no longer pending between the broker and the purchaser. *Landrum* v. *Lipscomb-Ellis Co.*, 62 *Ga. App.* 649 (9 S. E. 2d 205).

The court did not err in denying the motion for a new trial.

*Judgment affirmed. Bell, J., concurs. Nichols, J., concurs specially.*

NICHOLS, Judge, concurring specially. I concur in the principles of law as stated in the majority opinion, but do not agree that they are entirely applicable in this case, in that the evidence shows an abandonment of the contract by all parties.

"Parties may by mutual consent abandon an existing contract between them so as to make it not thereafter binding and the contract may be rescinded by conduct, as well as by words. *Hennessy* v. *Woodruff*, 210 *Ga.* 742 (82 S. E. 2d 859) ; *Shoup* v. *Elliott*, 192 *Ga.* 858, 861 (16 S. E. 2d 857). . . An abandonment by both parties of an existing contract between them precludes either from complaining of a breach of the contract. *Haigler* v. *Adams*, 5 *Ga. App.* 637 (63 S. E. 715) ; *Eaves & Collins* v. *Cherokee Iron Co.*, 73 *Ga.* 459." *Dowling* v. *Southwell*, 95 *Ga. App.* 29 (96 S. E. 2d 903). "Where there is a special contract between the parties, a recovery on quantum meruit cannot be had." *Thomas McDonald & Co.* v. *Elliott*, 92 *Ga. App.* 409 410 (88 S. E. 2d 440).

Applying the above stated law to the facts in this case the finding of the trial court, acting without the intervention of a jury was authorized. Since there was evidence of an abandonment by both parties to the express contract, and under such circumstances the plaintiff would not be entitled to recover under either count, the judgment of the trial court was not error.