38710.   CHATHAM v. McDOW.

DECIDED APRIL 18, 1961.

*E. T. Hendon, Jr.,* for plaintiff in error.
*Heyman, Abram & Young, John H. Hicks,* contra.

FELTON, Chief Judge. The petition alleges that the plaintiff, an individual, entered into the alleged contract for a division of commissions with the defendant, an individual. The petition

further alleges that the "foregoing agreement" was reduced to writing and incorporated in the option granted by. the owner of the property to the plaintiff. The provision in the option relating to the commission is as follows: "10% commission to be shared equally by B. C. McDow Realty Company, 1927 Meador Ave., S. .E., and Chatham Bros. Realty Co., 2901 Buford Hiway, N.E." In this view, in the absence of any assignment of the contract to the plaintiff, any cause of action for the breach of a commission contract, which may exist, would be in Chatham Bros. Realty Company and not the plaintiff, and against B. C. McDow Realty Company.

*Judgment affirmed. Bell, J., concurs. Nichols, J., concurs in the judgment.*

NICHOLS, Judge. While I concur in the judgment of affirmance I cannot concur in the reasons stated in the majority opinion. The petition shows that the contract sued on was a contract between the plaintiff and the defendant whereby they would share the commission equally. The exhibit shows that the payment of such commission would be made to the real-estate companies. It was alleged that both the plaintiff and the defendant were licensed real-estate brokers and the exhibit merely shows that the payment would be made to their respective companies. Persons can contract and provide that the payments due under such a contract will be made in the trade name.

However the judgment sustaining the defendant's general demurrer was proper. The plaintiff seeks to recover from the defendant because the defendant breached a contract with the plaintiff. The petition alleged in substance that the plaintiff had a prospect for the sale of certain realty, that the defendant had an exclusive sales contract with the owner of such property, that therefore the plaintiff and the defendant agreed that if the plaintiff obtained a purchaser for the property the commission on such sale would be divided between them, and thereafter the owner of such property (for a consideration), gave the plaintiff an option to buy such property which option contained the provisions of the agreement between the plaintiff and the defendant to divide the commission on the sale in the event the option was exercised and the property sold, that the plaintiff

then gave his prospective purchaser an option to buy the property and when the plaintiff's purchaser could not complete its investigation within the option period the defendant obtained an extension of the option to the plaintiff from the property owner, that during the period of the extension the defendant procured the owner to sign a sales contract with the purchaser procured by the defendant and when the plaintiff's prospective purchaser learned of the sales contract it refused to pursue the matter further although it was otherwise ready, willing and able to buy the property for the agreed price, and that the defendant is indebted to the plaintiff in the amount of one-half of the total commission because he breached the contract between the plaintiff and the defendant.

While the petition alleged that the owner of the property breached the option contract and that the defendant procured such breach, the cause of action is based on a breach of a contract between the plaintiff and the defendant and not for the malicious injury to the plaintiff's business by the defendant. See *Southern Ry. Co. v. Chambers,* 126 Ga. 404 (55 S. E. 37, 7 L.R.A. (NS) 926); *Luke v. DuPree,* 158 Ga. 590 (124 S. E. 13), and citations. Therefore, the sole question for decision is whether the petition alleged a breach by the defendant of a contract between the plaintiff and the defendant.

The contract between the plaintiff and the defendant was that they would divide the commission if the plaintiff obtained a purchaser for the property. The defendant was not a party to the original option between the plaintiff and the property owner, nor would the allegation that the defendant obtained an extension of such agreement from the property owner make the defendant a party to such contract. While, under the provisions of *Code* § 4-213 it was not necessary that the plaintiff procure a purchaser who was ready, willing and able to purchase such property and who actually offered to buy such property on the terms stipulated by the owner (see *Kuniansky v. Williams,* 101 Ga. App. 678, 115 S. E. 2d 204, and citations), the petition failed to allege any offer on the part of the plaintiff's prospective purchaser, and since the defendant was not a party to the alleged option, any alleged breach of such option by the property

owner would not render the defendant liable for the breach of a separate contract between the plaintiff and the defendant. The judgment of the trial court sustaining the defendant's general demurrer was not error.