5524, 5525. KESLER *v.* STULTS; and *vice versa.*

WADE, J. 1. "The broker's commissions are earned when, during the agency, he finds a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner." Civil Code, § 3587. "Usually the word 'sale' denotes a completed, mutually binding contract; but under contracts creating the ordinary relationship of principal and real-estate broker, and providing commissions for the latter, the broker has made a sale whenever, through his influence, a person ready, able, and willing to buy on the terms proposed is brought to the principal, though, through the fault or disinclination of the principal, no actual sale is ever consummated." *Humphries* v. *Smith*, 5 *Ga. App.* 340 (63 S. E. 248).

2. There was evidence in this case from which the jury were authorized to infer that the seller induced the real-estate agent to secure a purchaser for property to which he claimed title, and that the only reason why definite terms of sale were not "stipulated by the owner" of the land was because of his disinclination to propose any terms whatever when the agent brought him face to face with the parties offering to purchase, who were "ready, able, and willing to buy" and actually then offered to buy, and "said that they were ready to do business." Under this view of the facts, the jury were authorized to conclude that there was merely a postponement of definite terms on the part of the owner, and that the consummation of the sale was delayed solely for the convenience of the seller, and that the sale was finally defeated altogether on account of his actions.

3. There was ample evidence that the contract, though originally executed on Sunday, was ratified on the following Monday. *McAuliffe* v. *Vaughan*, 135 *Ga.* 852 (70 S. E. 322, 33 L. R. A. (N. S.) 255, 22 Ann. Cas. (1912A) 290). But since the plaintiff evidently recovered upon a quantum meruit or an implied contract to pay for services rendered the defendant and accepted by him, the fact that the contract was originally executed on Sunday was altogether immaterial.

*Judgment on the main bill of exceptions affirmed. Cross-bill of exceptions dismissed. Broyles, J., not presiding.*

DECIDED FEBRUARY 6, 1915.

Complaint; from city court of Albany—Judge Clayton Jones. January 5, 1914.

*Peacock & Gardner,* for Kesler.

*R. J. Bacon, R. H. Farrill,* contra.