### 11315.   LUCKEY *v.* DANIELS.

Liability for a commission for services, in procuring for the defendant a purchaser for his land, appears from the allegations of the plaintiff's petition, and the court erred in sustaining a general demurrer and dismissing the petition.

DECIDED APRIL 8, 1920.

Complaint; from city court of Waynesboro — Judge Davis. January 24, 1920.

In the brief of counsel for the defendant it is contended that no cause of action is shown, because it does not appear that a sale was consummated or that there was a mutually binding contract between the defendant and the prospective purchaser.

*C. N. Walker,* for plaintiff, cited: Civil Code (1910), § 3587; 88 *Ga.* 321; 92 *Ga.* 508; 96 *Ga.* 518; 100 *Ga.* 563; 125 *Ga.* 222; 73 *Ga.* 295; 48 *Ga.* 96; 71 *Ga.* 254; 5 *Ga. App.* 341 (1); 15 *Ga. App.* 735; 139 *Ga.* 283; 103 *Ga.* 661; 106 *Ga.* 422; 112 *Ga.* 61 (3); 126 *Ga.* 380; 127 *Ga.* 572; 135 *Ga.* 58 (1); 6 *Ga. App.* 164 (1); 8 *Ga. App.* 557 (2); 12 *Ga. App.* 180 (1).

*E. V. Heath,* for defendant, cited: 5 *Ga. App.* 340 (2), 343; Civil Code (1910), § 2693, par. 4; 7 *Ga. App.* 394; 141 *Ga.* 126, 127.

SMITH, J.   W. T. Luckey brought suit in the city court of Waynesboro against J. S. Daniels for $150, alleging substantially

the following: that in July, 1919, he entered into a contract with the defendant under which, as the defendant's agent, he was to have the exclusive right to sell a certain tract of land, on a commission basis, the commission to be payable out of the first payment. A copy of the contract was attached to the petition. The contract was later varied by an agreement that the selling price should be $5,800, and that the plaintiff should receive $150 of this amount as commission in case he sold the land. He alleged further that in October, 1919, he sold the land to R. W. Hickman, who agreed to pay $5,800 for the same, said Hickman making a payment of $164.27 to bind the sale. He alleged that the purchaser was able, ready, and willing to make the purchase, and that the terms were acceptable to the defendant. The defendant demurred to the petition, and thereupon the plaintiff filed an amendment in which he set out that after the signing of the contract and up to the date of the alleged sale he advertised the land for sale, in daily newspapers, in circulars, in advertising sheets, and in posters, and also by personally soliciting a purchaser for said land; that as a result of such efforts on his part he secured R. W. Hickman as a purchaser for said land; that on October 8, 1919, he took said purchaser to the defendant for the purpose of agreeing on terms and consummating the sale; that at said meeting the defendant and R. W. Hickman stepped away from the plaintiff and talked over the sale privately, and upon returning to where the plaintiff was they stated to him that they had fully agreed on the contract and terms of sale, provided he would agree to accept for his services already rendered in securing said purchaser the sum of $150 as his commission, to be paid out of the first payment on the land. He alleged further that he agreed to accept this $150, and thereupon the defendant accepted from said Hickman a check for $164.27, agreeing to pay plaintiff $150 out of said amount, and gave said Hickman a receipt for said sum. A receipt for said amount was attached to the amended petition. This receipt showed that the purchaser of the land was to pay $5,800 as the purchase-price thereof, $2,000 to be paid as soon as bond for title could be executed, and the balance in four equally divided payments with interest at 8% per annum until paid, the $164.27 to be credited on the first payment of $2,000. To the petition as

thus amended the defendant renewed his demurrer, and the court sustained the demurrer and dismissd the suit. The petition as amended set out a cause of action, and the court erred in sustaining the demurrer and dismissing the suit. See Civil Code (1910), § 3587; *Humphries* v. *Smith, 5 Ga. App.* 340, 342 (63 S. E. 248) ; *Kesler* v. *Stults, 15 Ga. App.* 735 (84 S. E. 201).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*