## 11489. MONTGOMERY *v.* LESTER.

This being a suit to recover commissions alleged to be due under a broker's contract, and the petition failing to show that the plaintiff produced a purchaser who was ready, able, and willing to buy the property placed in his hands for sale, on the terms prescribed by the owner, the court did not err in dismissing the petition, on general demurrer.

DECIDED SEPTEMBER 27, 1920.

Complaint; from city court of Thomasville — Judge W. H. Hammond. April 2, 1920.

*Hay, Joiner & Hammond,* for plaintiff.

*Titus & Dekle,* for defendant.

SMITH, J. Montgomery sued Lester for commissions alleged to be due him as a real-estate broker, for procuring a purchaser for a certain tract of land described as follows: " (Except 65 feet on each side of a new line surveyed by the Atlantic Coast Line Railroad). Beginning at a stake in the center of Magnolia Road on the south line of lot No. 3 in the 13th district of Thomas county, Georgia; thence along west margin of Magnolia Road northerly direction east 48-75 chains to a corner; thence south 58 west 17 chains; thence south 3-08 chains to stake; thence south 70 west 27 chains to stake on east side of old right of way of A. C. L. Rwy.; thence along this right of way southerly to line between J. H. Wade and R. E. Lester Sr.; thence along line easterly to Charlie Branch and along meanderings of the branch to old right of way of A. C. L. Rwy., and along said right of way to starting on Magnolia Road, containing 123 acres more or less." Petitioner alleges that he contracted to sell for the defendant the above-described land at $50 per acre, on the basis of a five per cent. commission, and that in pursuance of this agreement he advised the defendant that " he thought he had a purchaser," and that the defendant wrote to him as follows: " Find out definitely if your man would take place if he could get possession at once. Have him put up confidence money. If you find that you can put deal over, you can get a lawyer to copy from the records description of land. Make out a deed, send it to me to sign, enclosing certified check less your commission." In the plaintiff's petition it is alleged that he thereupon *closed the deal* with his prospective purchaser, who actually put up $500 as part payment and agreed to pay the balance of the purchase-price when the deed was signed by the owner and delivered to him; that he immediately sent to the defendant a deed copied from the deed records of Thomas county, as he was instructed to do, which deed called for 123 acres, more or less. He next alleges that he received from the defendant a letter which said: " Your letter with enclosure of deed to hand. I am certainly glad to know that you have a purchaser. I notice you have

deed made out for 123 acres while the deed on record calls for 123 acres, more or less. According to Mr. Parker's survey there is 124.97 or practically 125 acres. I am willing to sell the place at *stipulated acres* [italics ours], without more or less clause. If you will have the place surveyed, my expense, make out new deed." The plaintiff alleges, that on receipt of this letter he had the land surveyed, and that the survey showed 108.96 acres, but that the defendant owned only "approximately" 100 acres, 8 acres having previously been sold to the Atlantic Coast Line Railway Company for a right of way; that he at once sent a plat of the survey to the defendant, in order that the latter might know the result and make a deed to the would-be purchaser in accordance therewith, but that the defendant declined so to do, stating that he was not satisfied with the acreage indicated by the survey. The allegations of the petition show also that the defendant did not ask for commissions on the basis of a sale for 123 acres, but on the basis of 100 acres.

The sole question presented for adjudication is whether the trial judge erred in sustaining a general demurrer and dismissing the petition which set out the above facts. Unquestionably the contract declared upon is the usual and general broker's contract, under which he earns his commissions only when, during the agency, he finds a person ready, able, and willing to buy, and who actually offers to buy, on the terms stipulated in the contract (Civil Code of 1910, § 3105); and the agent has made a sale and is entitled to his commission if he shows that he has complied with these conditions, although, "through the fault or disinclination of the principal, no actual sale is ever consummated." *Kesler* v. *Stults,* 15 *Ga. App.* 735 (1) (84 S. E. 201).

It is true the contract failed to fix any time limit for the procuring of a customer, but that is of no importance in this case, since the petition clearly shows that the defendant continually recognized the plaintiff as his agent. So, also, where no time is fixed in such a contract, the law fixes a reasonable time. See *McMillan* v. *Quincy,* 137 *Ga.* 63 (1) (72 S. E. 506). In fact, under the allegations of the petition (which for the purpose of the question at issue stand admitted), we do not think the defendant has any legal right to quibble about the time of payment, the time of the execution of the contract, or the failure

of the plaintiff to send a certified check to cover the purchase-price, less his commissions, since the only reason given by him for finally refusing to consummate the proposed sale was that he was dissatisfied with the number of acres stipulated in the deed sent to him to sign, and that it did not correspond to the deed on record which he had directed and instructed plaintiff to copy. "When a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his mind and put his conduct upon another and different ground. He is not permitted to thus mend his hold." *Fenn* v. *Ware,* 100 *Ga.* 563, 566 (28 S. E. 238, 239).

This brings us to what we consider the real question in the case, to wit, whether or not the deed sent to the defendant by the plaintiff was in strict accord with the former's explicit instructions; and if the deed did sufficiently correspond with the deed on record, which the plaintiff was directed to copy, was the failure of the defendant to carry out the trade such an act as would entitle the plaintiff to recover his commissions, in view of the latter's further acts and efforts in the matter of procuring a purchaser? It will be recalled that the petition alleges that the defendant returned the deed to the plaintiff, calling his attention to the fact that he had described the land as containing 123 acres, when, as a matter of fact, the deed on record to which he was directed for a description described the land as containing "123 acres more or less." The defendant also advised the plaintiff in this same letter that the land had been surveyed and contained 124.97 acres, but that he was "willing to sell the place at *stipulated acres, without more or less clause,*" if plaintiff would have the land surveyed. Obviously, if the contents of this letter be true, the deed sent to the defendant was not an exact copy of the deed on record, but inasmuch as the defendant was willing to treat it as sufficient, had the plaintiff been content to stand upon the terms of the original contract and insist upon his rights at this juncture of the negotiations, we think he would probably have been entitled to his commissions. However, it is clear, from the allegations of his petition, that he waived this right by having the land surveyed, which survey it is alleged showed that the defendant only owned "approximately" 100 acres, and thereupon, on his own motion, undertook to sell the tract as containing 100 acres, communicating

his action to the defendant, which the latter refused to ratify. This we think the defendant had a right to do, for, construing the petition, as we must do, most strongly against the plaintiff, the conclusion is inevitable that he originally undertook to sell for the defendant a tract of land described as containing 123 acres at $50 per acre. In fact the plaintiff alleges that he actually closed the deal on the basis of 123 acres and drew a deed himself calling for this acreage, and there is absolutely nothing in the petition to even indicate that the defendant was willing to sell on any basis other than 123 acres. Certainly it cannot be said that the defendant abandoned the terms of the original contract and agreed to sell the tract on a basis of less than 123 acres simply because he wrote to the plaintiff to have the land surveyed; for in the same letter he specifically stated that he was willing to sell only at " stipulated acres," which term unquestionably meant 123 acres, and not that he was willing to sell at whatever acreage the plaintiff's survey might show.

It being therefore clear, from the allegations of the petition, that the plaintiff failed to produce a purchaser who was ready, able, and willing to buy the property in question *on the terms prescribed by the owner,* the court did not err in dismissing the same on general demurrer.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*