1. Where property is placed in the hands of a real-estate broker for sale on commission, the commission is earned when, during the agency, the broker finds a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner. Code, § 4-213; Phinizy v. Bush, 129 Ga. 479 (59 S.E. 259); Payne v. Ponder, 139 Ga. 283
(77 S.E. 32); Gresham v. Lee, 152 Ga. 829, 832
(111 S.E. 404); Floyd v. Boyd, 16 Ga. App. 43 (5) (84 S.E. 494); Montgomery v. Lester, 25 Ga. App. 660, 662
(104 S.E. 28). The petition as amended set forth a cause of action for commission due the plaintiff real-estate broker, and the trial court properly overruled the general demurrer.
2. But where, as in the present case, it appears from the uncontradicted evidence that the plaintiff never produced a customer who was ready, able, and willing to buy, and who actually offered to buy on the terms expressly stipulated by the defendant, the owner of the property in *Page 650 
question, and that, before the sale of the property by the defendant himself to one who had been introduced to him by the plaintiff's agent as its prospect, the negotiations between such prospect and the plaintiff had come to an end, and that the defendant had not at any time interfered with the efforts of the plaintiff to effect a sale during the agency, a verdict in favor of the defendant was demanded as a matter of law, and the judge, before whom the case was tried without the aid of a jury, erred in rendering judgment for the plaintiff and in overruling the defendant's motion for new trial. Doonan v. Ives, 73 Ga. 295, 303 (3); Thompson v. Weeks, 60 Ga. App. 560, 563 (4 S.E.2d 415).
3. The appellate division of the civil court of Fulton County properly affirmed the judgment overruling the general demurrer, but erred in affirming the judgment overruling the defendant's motion for new trial.
Judgment reversed. Stephens, P. J., and Felton, J.,concur.
 DECIDED APRIL 22, 1940. REHEARING DENIED JUNE 10, 1940.
 STATEMENT OF FACTS BY SUTTON, J.
Lipscomb-Ellis Company brought suit against Emmett S. Landrum, to recover $190 as commission alleged to be due on a sale of certain property of the defendant. The petition as amended alleged, that the plaintiff was a duly-licensed real-estate broker; and that on or about October 1, 1938, the defendant listed with it for sale certain of his property located at 1357 Ormewood Avenue S.E., in DeKalb County; that, acting by and through its employee and agent, Mrs. W. S. Kell, a duly authorized and licensed real-estate saleswoman, the plaintiff procured a prospect for said property, Earl D. Busha, and to him showed the property for the first time on or about October 5, 1938, and at that time she introduced Busha to defendant as her prospect for the sale of the property; that subsequently Mrs. Kell, Busha, and the defendant had other conversations with respect to the sale of the property, wherein Busha stated that he desired to buy the property if he could obtain it at the right price; that the defendant authorized the plaintiff to sell the property for him at a price of $3900, which price plaintiff quoted to Busha; that thereafter negotiations lagged, and the plaintiff subsequently discovered that on or about December 10, 1938, the defendant had concluded a sale of the property to Busha, negotiating directly with him without notifying the plaintiff or its agent, and the defendant thus concluded the sale to Busha solely for the purpose of defrauding the plaintiff, in an attempt to deprive it of its commission to which it was entitled; that the amount *Page 651 
for which the property was sold was $3800, and the plaintiff is entitled to a commission of five per cent. on that amount, or $190, for which judgment is prayed; that the plaintiff, acting through its said agent, was the procuring cause of the sale; that it produced a purchaser, ready, able, and willing to buy the property on terms agreeable to the seller and therefore it is legally entitled to a commission on said sale; that upon listing the property with the plaintiff the defendant agreed to pay a five per cent. real-estate commission on the sale price in the event a sale was made through the efforts of the plaintiff; that the defendant is hereby notified to produce upon the trial of this case the sale contract executed between him and Busha, dated between November 1 and December 31, 1938.
The defendant demurred to the petition as amended, on the ground that it sets forth no cause of action; that the facts alleged do not show that the defendant owes any sum to the plaintiff; that sufficient facts are not alleged to show that the defendant defrauded the plaintiff; and that sufficient facts are not alleged to show that the alleged sale was concluded by the efforts of the plaintiff. The court overruled the demurrer, and the defendant excepted pendente lite. The defendant answered and denied the substantial allegations of the petition, and further set up that it did not owe the plaintiff any sum whatever.
On the trial of the case before the judge without the aid of a jury the evidence was substantially as follows: Mrs. W. S. Kell, a licensed real-estate saleswoman in the employment of the plaintiff, inquired of the defendant whether she might sell for him a certain house and lot owned by the defendant at 1357 Ormewood Avenue S.E., in DeKalb County, and in the City of Atlanta. The defendant informed her that she might sell the house for him for $3900 cash. Shortly thereafter Mrs. Kell found a prospect, E. D. Busha, who offered a price considerably less than $3900, and this was refused by the defendant. Later Busha, through Mrs. Kell, offered to trade in a certain house and lot which was located at 116 Sycamore Drive in Decatur, and in which he held an equity. Busha was willing to purchase the property on a basis of $3900, provided that the defendant would accept as part payment his equity in the Sycamore Drive property at an agreed allowance of $1112, and let him put an F. H. A. loan on the Ormewood Avenue property, and *Page 652 
from the proceeds pay the defendant the balance of the purchase-price of $3900. The defendant did not accept this offer, being unwilling to allow Busha as much as $1112 for his equity in the Sycamore Drive property. The plaintiff, through its agent, Mrs. Kell, was never able to bring about a sale between the defendant and Busha. Busha subsequently purchased directly from the defendant the Ormewood Avenue property, after making him an offer of $3800, which was accepted by the defendant with the agreement that Busha was to transfer to him his equity in the Sycamore Drive property at an agreed credit of $600 and pay the balance of $3200 from the proceeds of a loan to be made with the United States Government on the Ormewood Avenue property. These facts are undisputed.
Mrs. Kell testified that the defendant had agreed to pay her employer, the plaintiff, five per cent. commission in the event she brought about a sale of the property for $3900, but he would not allow Busha $1112 for his equity in the Sycamore Drive property, and, "although I endeavored to do so, I could not get Mr. Landrum and Mr. Busha together;" that about a week later she learned that the parties had traded between themselves, and the defendant refused to pay a commission for "selling the house." On cross-examination she testified: "I do not remember telling Mr. Busha that I had given up the matter. I do not remember what I told Mr. Busha. It might have been possible that I did tell him I had given up the matter and could not get Mr. Busha and Mr. Landrum together. It might have been possible that I said I was through with the matter. I did not get them to sign any kind of contract. . . I did not have anything to do with them signing the final contract dated October 13, 1938."
E. D. Busha testified, that he told Landrum that the price of $3900 was all right, but that they could not get together on the amount to be allowed for the witness's Sycamore Drive property; that Mrs. Kell came to his place of business several times, and he made an offer to Landrum whereby he would receive $1112 for his equity and Landrum would receive $3900 for his property, but Landrum never accepted the terms; that he had seen Landrum's house while it was being built, and had inquired about it through his wife, but had not met Landrum until he was introduced to him by Mrs. Kell, that she came to his place of business on October 5, *Page 653 
1938, and told him she was through, and that she could not get the witness and Landrum together; that all of these transactions and interviews happened before the time he signed a contract with Landrum; that about a week later he called Landrum on the telephone and made a proposition to him, but it was refused; that a few nights later he called him at his home and talked to him, and offered $3800 for the Ormewood Avenue property, Busha to sign an F. H. A. loan for $3200 and Landrum to receive the proceeds, and Busha to convey to Landrum his equity in the Sycamore Drive property; that Landrum asked him if Mrs. Kell had anything to do with the matter, and if the plaintiff was still in it, and he told Landrum that Mrs. Kell had told him (Busha) that she was out of it, and that the plaintiff had nothing else to do with the matter; that shortly thereafter he signed the contract with Landrum, and Landrum again asked him if Mrs. Kell and the plaintiff had anything to do with the matter, and he told Landrum that Mrs. Kell had told him she was out of it and the plaintiff was also; that Landrum never did call him about the house, that he always went to Landrum, he wanted to live out in East Atlanta, and went to Landrum every time; that after Mrs. Kell told him she was out of the matter, and between that time and the time he signed the contract with Landrum, Landrum never came to him or called him, but he called Landrum, and Mrs. Landrum several times; and that he talked to Mrs. Landrum on the telephone about this house one night before Mrs. Kell ever introduced him to Landrum.
The defendant testified as follows: He told Mrs. Kell, if she could not sell the property for $3900, to let it alone. After she brought to him for signature a contract under which Busha was to procure an F. H. A. loan for $2800 and convey to him Busha's equity in the Sycamore Drive property, and which contract he refused to sign, she came to him and said that she could not do anything about the matter, and, if he could sell the house to anybody else, to go ahead; that all of this happened before he signed a contract with Busha; that about a week thereafter Busha called him and made an offer which was refused; that at that time he asked him if Mrs. Kell and the plaintiff had anything to do with the matter, and Busha said that she had told him (Busha) that she did not, and that she and the plaintiff were out of the transaction, and for the defendant to do whatever he could about it, this being about a *Page 654 
week after the defendant's last interview with Mrs. Kell; that a few nights later Busha called him again, and made an offer whereby he would sign an F. H. A. loan for $3200 and would convey to the defendant his equity in the Sycamore Drive property; that he again asked Busha if Mrs. Kell and the plaintiff were involved in the matter, and Busha told him that she and the plaintiff did not have anything to do with it and had dropped it and were out of it; that he finally agreed to accept Busha's offer, and sold Busha the house on the terms last named, agreeing further to build a fence around the Ormewood Avenue property, which he did; that Mrs. Kell did not have anything to do with the signing of the final contract with Busha; that he signed the contract after he had told Mrs. Kell to leave the matter alone if she could not get $3900 for the Ormewood Avenue property; that he did not go after Busha, never did telephone him; that Busha always came to him; that Mrs. Kell came to him some time before the signing of the contract with Busha, and told him that she could not get them together, could not do anything about it, and, if he could sell the house to somebody else, to go ahead; that he told her, some time before he sold the house, to leave it alone if she could not sell it to Busha for $3900, and to forget the matter; and that he finally paid the bills on the house which was under construction at the time of the negotiations, and lost $300 on this Ormewood Avenue property which was sold.
In evidence was the contract between the defendant and Busha, dated October 13, 1938, for the sale of the property in question, payable $600 cash, and the balance of $3200 to be paid from the proceeds of an F. H. A. loan of $3200 to be placed on the property by Busha.
The court rendered judgment in favor of the plaintiff for $190 and costs. The defendant's motion for new trial on the general grounds was overruled. The defendant appealed, assigning error on the overruling of the general demurrer, excepted to pendente lite, and on the overruling of the motion for new trial. The appellate division of the civil court of Fulton County affirmed the judgment of the trial judge and the defendant excepted.