## 32549. SELTON *v.* DOWLING.

Decided July 15, 1949.

*Louis M. Tatham,* for plaintiff.

*Reuben Garland,* for defendant.

SUTTON, C. J. Juliet Dowling, trading as Dowling Realty Company, sued Oscar Selton in the Civil Court of Fulton County. In the petition it is alleged in substance: that the defendant is indebted to the plaintiff in the sum of $575; that the plaintiff and the defendant entered into a contract, which is attached to the petition and made a part thereof; that the plaintiff secured as purchasers for the property listed in the contract Mr. and Mrs. W. H. Richman, who are ready, willing, and able to comply with the terms of this contract, but that the defendant refuses to comply with the terms of this contract and refuses to sign or accept the offer of the prospective purchasers; that the plaintiff is a regular, duly licensed real-estate broker and is entitled to a 5% commission according to the terms of the contract; and that the plaintiff has demanded that the defendant comply with the terms of the contract, and the defendant has refused to do so. Judgment was asked for $575. The contract attached to the petition is dated June 25, 1948, is signed by Oscar Selton, and is addressed to the Dowling Realty Company. The provisions of this contract, in part, are as follows: "In consideration of your agreement to list and endeavor to sell the property hereinafter described, the undersigned, being the owner thereof, hereby gives you the exclusive right and authority to sell the property hereinafter described, for a period of ninety (90) days from the date of this instrument. I hereby further agree upon the consideration herein above mentioned, to pay schedule of charges and/or rates of commission covering such transactions, as is now in effect, whether such sale be made by you or me, or by any other person acting for me or in my behalf, upon the terms hereinafter mentioned, or any other terms acceptable to me; or if the property is afterwards sold within three (3) months from the termination of this contract, to a purchaser to whom it was submitted by us or you during the life of this contract. Property: Street Number 748 Argonne Ave., N. E., Atlanta, Fu. Co., Ga. Legal Description: 52′ x 150′. Outstanding Rental Contracts: Sale Price: Twelve thousand five hundred and no/100 ($12,500.00)

dollars. Outstanding Encumbrances: Present bal. approx. $1700 with Home Owners Loan, New York City."

The defendant demurred generally to the petition, and the trial judge overruled the demurrer, to which ruling exceptions pendente lite were filed, and the case proceeded to trial before the judge without a jury.

From the evidence adduced on the trial the following appears: The defendant, Selton, listed his property with the plaintiff, Mrs. Dowling, a real-estate broker, to sell. This exclusive listing contract is the contract attached to the petition, the terms of which are set out above. Mrs. Dowling testified that her commission would be $575. She advertised the property for sale and placed a sign on it. On July 15, 1948, the defendant conveyed the property to his wife. Between July 15, 1948, and July 24, 1948, the plaintiff interested George W. Ivey in the property, and obtained from him a written offer to buy the property. When this offer was brought to the defendant, he told the plaintiff that he had conveyed the property to his wife. The plaintiff then presented the offer to both the defendant and his wife, and both of them accepted the offer and signed the contract. This contract was dated July 24, 1948, and stipulated that the purchase-price of the property was $12,000; that the purchaser was to pay 10% of the purchase-price on the closing date; that it was subject to the purchaser securing a "GI" loan for 90% or securing a "FHA-GI" combination loan; that the property was to be free and clear of all liens and encumbrances; that 1948 taxes were to be prorated; that the built-in-door bed in the efficiency apartment was a part and parcel of the property; and that the rents were to be prorated as of the closing date. Because of Ivey's failure to obtain a loan, the property was not sold to him. On September 6, 1948, a Mr. Richman saw the sign on the property and talked to the defendant about purchasing it. The defendant refused to sell it, and on the following day Richman contacted the plaintiff, and he and his wife signed an offer to purchase the property for $12,500. Under the terms of this offer the Richmans were to secure a loan for $7,500 and would pay the balance in cash as of the closing date; the property was to be delivered free and clear of all liens and encumbrances; 1948 taxes and rents were to be prorated as of the closing date; possession was to be.

given in accordance with the OPA ruling; and the seller was to state and agree that the tenants, Java and Duskey, were tenants at will only. The defendant never accepted this offer.

Judgment was rendered for the plaintiff for $575, the judge overruled the defendant's motion for a new trial, and the defendant excepted. The case is here on the ruling on demurrer and on the general grounds of the motion for a new trial.

■ The only contention made by the plaintiff in error, the defendant in the lower court, in regard to the ruling on the general demurrer, is that the petition sets forth no cause of action, for the reason that it does not show any agreement on the part of the defendant, as owner, to pay the plaintiff, the broker, a 5% commission. The plaintiff alleged that she secured purchasers who agreed to buy the property in accordance with the terms of the listing contract, and there the sale price of the property is shown as $12,500, and the commission due the broker is shown as such commission as then in effect, and she alleges that the defendant is indebted to her for $575, and that she is a regular licensed real-estate agent and broker and is entitled to 5% commission according to the terms of the contract. There was no special demurrer to the petition to secure any further details about the commission, and the ultimate fact alleged is that the defendant is indebted to the plaintiff for $575. The real question presented on general demurrer to a petition is whether or not the petition shows a cause of action. The alleged facts show an agreement in writing between the plaintiff and the defendant, giving the plaintiff the exclusive right to sell the property, and a refusal by the defendant to accept the offer to purchase after the plaintiff had secured named persons who were ready, willing, and able to buy the property in accordance with the terms of the listing agreement. Code § 4-213 provides that, "The broker's commissions are earned when, during the agency, he finds a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner." Also see *Ocean Lake & River Fish Co.* v. *Dotson*, 70 *Ga. App.* 268 (2) (28 S. E. 2d, 319); *Landrum* v. *Lipscomb-Ellis Co.*, 62 *Ga. App.* 649 (1) (9 S. E. 2d, 205), and citations. The general demurrer to the petition was properly overruled.

■ On the general grounds of the motion for a new trial, the

plaintiff in error contends, among other things, that the offer to purchase the property was at variance with the terms of the listing contract. The listing agreement is silent as to the terms of payment for the property to be sold, and, in the absence of any evidence to the contrary, this is properly construed as authority for the broker to sell for cash only. *Howard* v. *Sills & Purvis*, 154 *Ga.* 430 (2) (114 S. E. 580). The written offer signed by the Richmans is conditional, and was "Subject to securing a $7,500 loan on captioned property." Although the offer made by Ivey shows a similar condition, Selton waived the terms of the listing agreement by acceptance of that offer. This, however, does not warrant an inference of a continuing waiver of the terms of the listing agreement, and there is no evidence showing such a waiver in respect to the offer made by the Richmans. Accordingly, under the evidence, the offer was not "on the terms stipulated by the owner," and there was no liability to the broker for commissions earned. In this respect this case is controlled by the ruling on demurrer made in *Waring* v. *John J. Thompson & Co.*, 76 *Ga. App.* 494, 497 (46 S. E. 2d, 364), where the alleged facts show a variance between the terms of the listing agreement and the offer, which is substantially the same as shown by the evidence in the present case. Inasmuch as this requires a reversal of the judgment of the trial court, the remaining contentions of the plaintiff in error, all of which are based on the general grounds of the motion for a new trial and which require a consideration of the evidence, will not be passed upon. The trial judge erred in overruling the defendant's motion for a new trial.

*Judgment reversed. Felton and Worrill, JJ., concur.*