KANNER, Chief Judge.
■ The trial judge granted motion of appel-lees to dismiss the second amended complaint through which appellant sought to recover a real estate broker’s commission. As a result of the court’s ruling, final judgment was entered in favor of appellees from which this appeal is instituted.
From the second amended complaint it appears that on June 22, 1954, appellant and his wife entered into a written agreement for deed with appellees to sell to them certain real property for $12,000 with monthly payments of $75 including six per cent *20 interest; that payments had been made pursuant to the agreement, leaving an unpaid balance on August 1, 19S5, of $10,-844.67; that in such agreement appellant was obligated to convey the property to appellees, their heirs, executors, administrators or assigns in fee simple, clear of all encumbrances whatever by a good and sufficient deed upon the completion of the payments called for under the agreement; that appellees would have the right to sell their interest in the agreement to others and the purchasers or assignees would in turn be bound by such agreement.
It further appears that appellant is a registered real estate broker, and on March 29, 1955, appellees entered into a written agreement with him giving him exclusive listing of the property for sale at $15,000, the down payment open. The agreement provided for a ten per cent commission and could not be terminated for one year but could be terminated thereafter on thirty days’ written notice. Appellant advertised the property for sale, and as a result of his efforts, received on August 1, 1955, a written proposal to purchase the property with $1,500 deposit, receipt being given therefor, and promise to pay an additional $2,655.33 at the date of the closing in exchange for an assignment of the agreement for deed held by appellees, leaving the balance of $10,844.67, payable to the appellant by the purchaser at the rate of $80 per month with six per cent interest, which proposal was submitted to and rejected by appellees. This proposal specified cash payment at the time of the closing in the total sum of $4,-155.33, which represented all of the cash to which appellees would be entitled according to their agreement for deed and the listing agreement.
The second amended complaint concludes that the listing contract was breached, that appellant had earned his commission because he did produce a purchaser ready, able, and willing to buy the property within the limits contained in the listing contract.
The grounds of the motion to dismiss were that the second amended complaint failed to state a cause of action, was insufficient as a matter of law, and that it was not shown that appellees accepted the proposal to purchase.
The trial judge in the final judgment entered gave his reasons for his ruling:
“ * * * finds that the property listing agreement, on which the plaintiff relies, leaves the terms of payment-open and the Court further finds that there is no allegation in the Second Amended Complaint that the plaintiff produced a purchaser ready, able and willing to buy the property on terms either set by the sellers or acceptable to them, and that the minds of the parties did not meet as to the terms, and that therefore the Second Amended Complaint does not state a cause of action upon which relief can be granted.”
Appellant argues that the proposal to purchase obtained by him was a cash offer for appellees’ entire equity in accordance with the listing agreement, with the purchaser to take over the obligation of the agreement for deed; and that appellees did not act in good faith but breached the agreement by refusing to accept the proposal; that he was employed as a broker by appellees to secure a customer ready, willing, and able to purchase on the terms specified in the listing agreement and that having done so, appellees cannot deprive him of his commission by refusing to complete the transaction.
The appellees urge that, although the listing agreement called for a sale price of $15,000, the terms of the sale were unspecified and in fact left open, that being open, they must then be terms agreed upon and acceptable to appellees; further that no buyer was produced ready, able, and willing to purchase on terms acceptable to appel-lees, to wit, a cash sale or one which would release them of liability under the agree *21 ment for deed, an assignment of which would have left them still liable; and that therefore appellant has not earned the right to any commission. Thus appellees rely in the main on the premise given by the trial court that the terms of payment having been left open, there had been no terms agreed upon and acceptable to appellees whereby they could be bound.
Ordinarily, the rule is that when no terms as to payment are expressed, the broker’s authorization is to sell only for cash. 8 Am.Jur., Brokers, section 63, p. 1020. And where authority to sell given by the property owner to the broker does not specify how much of the price shall be paid down, it is presumed that it is intended by the property owner that the full amount shall be paid in cash. 12 C.J.S. Brokers § 20, p. 60; Peetz Bros. Livery & Undertaking Co. v. Vahlkamp, 1928, 321 Mo. 287, 11 S.W.2d 26; Mitchell v. Hagge, 1916, 178 Iowa 926, 160 N.W. 287; and Finch v. Donella, 1950, 136 Conn. 621, 73 A.2d 336.
In the case of Blankenship v. Childress, 1944, 183 Va. 13, 31 S.E.2d 302 and 305, it is said:
“The broker’s contract, whereby he is empowered to make the sale of real estate at a stipulated price, is not void simply because there is no provision stated as to how the purchase price is to be paid. Such terms are not essential to the validity of such a contract. It is true that where there is no stipulation as to how the price shall be paid, that is whether on credit or for cash, generally it is held that the broker must produce a purchaser who will pay all in cash. 8 Am.Jur., Brokers, § 63.”
And in the case of McFadden v. Crisler, 1919, 141 Tenn. 531, 213 S.W. 912, 913, it ' is said:
“Authority to sell land at a price fixed by the owner means a sale for cash, unless the contrary is stated. This must be so necessarily because the owner, having placed a value in dollars upon his land, is entitled to receive the - amount at which he fixes the value of the land. 31 Cyc. 1215.”
And also in the case of Selton v. Dowling, 1949, 79 Ga.App. 690, 54 S.E.2d 763, the principle is stated that in the instance where a listing agreement is silent as to terms of payment for property to be sold, this is properly interpreted as authority for the broker to sell for cash only in the absence of evidence to the contrary.
So it is clearly indicated from the allegations of the second amended complaint and exhibits that title to the property was held by appellant and his wife, that appellees held an agreement for deed to the property, that an exclusive listing for the sale of the property was placed with appellant by ap-pellees, that the total purchase price of the property was $15,000 with terms as to payment unspecified, that the proposal to purchase was for a full cash payment to the appellees under the listing for an assignment of their agreement for deed, the obligation of which the purchaser was to assume.
As we have seen, the rule is that when a broker’s listing is silent as to terms of payment, the sale is presumptively to be made for cash. We must accept as true all the material allegations well pleaded in the second amended complaint when considered in connection with the motion to dismiss. We, therefore, determine that the second amended complaint does state a cause of action. Of course, we do not know what defenses may be interposed, and ruling as we have, we make it clear that we are not dealing with the merits of the case.
The judgment of the court below is hereby reversed and remanded for further proceedings consistent with the views here expressed.
Reversed.
ALLEN and SHANNON, JJ„ concur.